UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:20-CR-198-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL LANE BREEDEN | ) | |

This matter is before the court on defendant's *pro se* motions for expert services and to reconsider the court's 21 July 2021 order denying his motion to suppress and dismiss. (DE ## 61, 62.)

On 4 May 2021, by a superseding indictment, the grand jury charged defendant with being a felon in possession of a firearm and being a felon in possession of ammunition. (DE # 21.) On 19 May 2021, defendant was arrested, and at defendant's initial appearance, and because defendant demonstrated eligibility for appointment of counsel at government expense, the court directed the Federal Public Defender to represent defendant. (DE # 28.) However, because defendant expressed a desire to represent himself, defense counsel filed a motion to withdraw. (DE # 26.) Five days later, U.S. Magistrate Judge Robert B. Jones, Jr. held a hearing on the motion, permitted defendant to represent himself in this matter, and appointed standby counsel "to provide assistance as specifically requested by Defendant with pretrial matters," including "obtaining investigatory or other services, and trial preparation." (5/24/21 Order, DE # 34, at 3.) On 27 May 2021, the court entered a scheduling order setting the deadline for filing of all pretrial motions by 23 June 2021 and arraignment and trial for 12 July 2021. (DE # 35.) On 28 June 2021, through standby counsel, defendant sought leave to file two pretrial motions out of time. (DE # 37.) The court allowed defendant to file his motions out of time and continued

arraignment and trial to the current setting of 9 August 2021 to allow the court sufficient time to rule on the motions. (6/29/21 Order, DE # 39.) A month later and approximately one and one-half weeks prior to arraignment and trial, defendant mailed the instant motions to the court.

First, defendant requests an expert on "trauma victims." In support of this request, defendant states, "When witnesses see up-close someone getting shot, [that] can put that person in shock. This shock can cloud their memory on what they have seen and heard. Trauma victims in a lot of situations can't remember correctly what they heard or seen." (Mot., DE # 61, at 1.) Defendant appears to intend to use the assistance of the proposed expert to attack the credibility of the witnesses to a shooting, (see id at 1-2), one of whom identified defendant as the shooter, (see 7/21/21, DE # 50, at 7 (recounting eyewitness statement identifying defendant as the shooter)).

The court may authorize defendant to obtain the services of an expert upon finding "that the services are necessary and that the person is financially unable to obtain them."[1] 18 U.S.C. § 3006A(e)(1). Not only is defendant's motion untimely under the scheduling order, but also, defendant has failed to show the services are necessary for an adequate defense. It is within the jury's common knowledge and experience that persons witnessing a traumatizing event or in a stressful situation may not correctly recall details of the event or situation. See United States v. Baylor, No. 3:11-CR-64, 2011 WL 5910061, at *6 (E.D. Va. Nov. 28, 2011) ("Everyday human experience teaches us that stress often has an adverse impact on [identification] performance, and there is reason to believe that an average juror is perfectly capable of applying that knowledge to

---

[1] The statute directs that the court make its determination "after appropriate inquiry in an ex parte proceeding." 18 U.S.C. § 3006A(e)(1). Because defendant did not designate the document as sealed or otherwise indicate it was submitted ex parte, the Clerk publicly filed it in cm/ecf, and it was automatically served on the government. Because the "cat is out of the bag," the court finds it would serve no purpose to consider the document and rule ex parte. Cf. Lawson v. Dixon, 3 F.3d 743, 750-52 (4th Cir. 1993) (where the petitioner filed ex parte a motion for appointment of a psychiatric expert, holding it was error (although not reversible) for the court to fail to adjudicate the motion ex parte).

the context of the fear-induced stress of a robbery.  Expert testimony on the factor of stress is within the jury's common knowledge, and therefore would not be helpful."), aff'd, 537 F. App'x 149 (4th Cir. 2013).  Therefore, defendant does not need the assistance of an expert in this regard, and the court will deny his motion for expert services.

Second, defendant seeks reconsideration of the court's order denying his motion to suppress and dismiss.

> [W]here, as here, a party in a criminal case moves for reconsideration, "it is within the sole discretion of the district court as to whether the granting of the motion . . . is appropriate." And because "there is no provision in the Federal Rules of Criminal Procedure governing motions for reconsideration," district courts are "guided by the standard set in the Civil Rules"; thus, parties generally must provide one of three grounds for reconsideration: (i) "to accommodate an intervening change in controlling law;" (ii) "to account for new evidence not available at the time of the ruling at issue"; or (iii) "to correct a clear error of law."  Moreover, it is well-settled that "a motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court has already thought through—rightly or wrongly.'"

United States v. Clenney, No. 1:09CR135, 2009 WL 10677501, at *2 (E.D. Va. July 15, 2009) (quoting United States v. Dickerson, 971 F. Supp. 1023, 1024 (E.D. Va. 1997)) (alterations omitted).

The court notes that defendant's arguments concern only the denial of his motion to suppress.  Defendant argues that the court erred in concluding Detective Rozier's reliance on the subject search warrant was objectively reasonable even though the only information his affidavit contained linking defendant to the place to be searched was that he saw defendant walking in the front yard of the property.  (See Mot., DE # 62, at 1-2.)  He further argues Detective Rozier omitted information from the warrant which would have negated probable cause.  (See id. at 3.) The court has thoroughly considered these issues, (see 7/21/21 Order, DE # 50, at 7-8, 11), and will not revisit its decision.

Defendant also contends the court should reconsider its denial of his motion to suppress because the search warrant and application violate the North Carolina Constitution and various North Carolina statutes pertaining to the contents of search warrants and applications and service thereof. (See Mot., DE # 62, at 3-4 (citing N.C. Const., Art. I, § 20; N.C. Gen. Stat. §§ 15A-244, -246, -252).) Defendant's reliance on the state's constitutional and statutory law as a basis for suppression is misplaced. See United States v. Clyburn, 24 F.3d 613, 616-17 (4th Cir. 1994) ("[T]he Fourth Amendment, not federal rules or state law, governs the admissibility of evidence obtained by state officers but ultimately used in a federal prosecution. . . . [T]he Fourth Amendment provides the only proper standard for determining whether evidence seized by state officials pursuant to a state warrant is admissible in federal court." (footnote omitted)).

Finally, in his motion for reconsideration, defendant makes several requests. He seeks production of Christine Hunt's criminal and "drug rehab" records, and Robeson County Department of Social Services' records regarding the removal of her children due to her drug use. (Mot., DE # 62, at 4.) If the government intends to call Christine Hunt as a witness at trial, and if it has not already done so, it shall produce a copy of her criminal record to defendant prior to jury selection. Insofar as the government possesses the other records defendant requests, and they have not been produced to defendant, the government shall file those records with the court under seal, and the court will examine any such records *in camera* to determine whether they adversely affect the credibility of Hunt and should be disclosed to defendant. If the government does not possess those records, it shall file a notice to that effect.

Also, defendant requests a subpoena be issued to Elizabeth Hunt, Christine Hunt's daughter. (Id.) Nearly three weeks ago, U.S. Magistrate Judge Robert T. Numbers, II denied defendant's request to subpoena Elizabeth Hunt, "without prejudice to his ability to renew the

request with a proper showing of why [her] testimony is necessary to prepare an adequate defense." (7/16/21 Order, DE # 45, at 5.) Defendant now claims that Elizabeth Hunt was at the victim's residence the night of the subject shooting and she "may have seen the [shooting] suspect up close." (Mot., DE # 62, at 4.) Therefore, her testimony may be relevant to defendant's case. However, because defendant delayed in his request, it is unlikely the United States Marshal can affect service of any subpoena issued now in time for trial. See Local Criminal Rule 17.1 ("Subpoenas for witnesses in criminal cases shall be delivered to the United States Marshal or other person qualified to make service at least 7 days prior to the Monday of the week in which the case is set for trial. The failure of the Marshal or other qualified person to serve a subpoena not delivered within this time period shall not constitute sufficient cause for a continuance."). Nonetheless, the court permits a subpoena to be issued to Elizabeth Hunt. If defendant intends to call Elizabeth Hunt as a witness at trial, defendant shall prepare that subpoena, by requesting assistance from standby counsel, and submit it to the Clerk for issuance. Defendant is warned that the court will not delay the trial if the United States Marshal is unable to serve any such subpoena in time for the witness to testify.

In summary, defendant's motion for expert services is DENIED. His motion for reconsideration is ALLOWED to the extent he seeks discovery of Christine Hunt's criminal record and to the extent he seeks a trial subpoena for Elizabeth Hunt. Otherwise, defendant's motion for reconsideration is DENIED, subject to the court's review of any documents the government may file under seal for the court's *in camera* review.

This 4 August 2021.

_____
W. Earl Britt
Senior U.S. District Judge